**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Breanick Tijerino, | No. CV-22-00552-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| USA Pawn Jewelry, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application for Deferral or Waiver of Court Fees or Costs and Consent to Entry of Judgment (Doc. 2). The Court infers from this filing that Plaintiff wishes to proceed in this United States District Court without prepaying fees or costs under 28 U.S.C. § 1915. However, the filing Plaintiff made appears to be a form used in Arizona state court.

Local Rule of Civil Procedure 3.3 requires that actions sought to be filed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915, be "accompanied by an affidavit of inability to pay costs or give security." The Local Rule also lists several requirements that the declaration must contain. The Court finds that Plaintiff's Application satisfies those requirements, including that Plaintiff file the Application under penalty of perjury.

Upon review, the Application indicates that Plaintiff is financially unable to pay the filing fee. The Court grants Plaintiff's Application and will allow Plaintiff to proceed IFP.

**I.   Review of Plaintiff's Complaint**

When a party has been granted IFP status, the Court must review the complaint to

determine whether the action:

  (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

  Rule 8(a) of the Federal Rules of Civil Procedure require complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

  In addition, the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule does not apply,

---

[1] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## I. Discussion

Upon review, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. The Complaint alleges Defendant discriminated against Plaintiff because of Plaintiff's sexual orientation and identity, and it alleges that Plaintiff suffered from retaliation when Plaintiff reported the misconduct and was subsequently terminated from employment. (Doc. 1 at 5). But simply stating that Plaintiff suffered from discrimination and retaliation is insufficient to give rise to a plausible claim. *See Iqbal*, 556 U.S. at 678. Without more factual detail, such as how Defendant discriminated against Plaintiff, the Court cannot infer a plausible claim. *Id.* The Complaint, therefore, fails to state a claim and must be dismissed.

## II. Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will grant him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]"). The Complaint's deficiencies could be cured by amendment, and so the Court will permit Plaintiff the opportunity to file an amended complaint.

If Plaintiff files an amended complaint, it must address the deficiency identified above. In addition, Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is

contained with the Federal Rules of Civil Procedure (forms 11–21).[2] Each claim or cause of action must be set forth in a separate count. The amended complaint must also state why venue is proper in this District Court. The Court also recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[3]

Plaintiff may submit an amended complaint within **thirty (30) days** from the date of entry of this Order. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." This complaint must be *retyped or rewritten in its entirety* and may not incorporate any part of the original Complaint by reference. Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

### III.   Warning

If Plaintiff elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if Plaintiff fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Application for Deferral or Waiver

---

[2] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[3] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

of Court Fees or Costs (Doc. 2) is **granted** to the extent that Plaintiff is permitted to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a first amended complaint within thirty (30) days of the date this Order is entered.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a first amended complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court.

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a first amended complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 8th day of April, 2022.

Honorable Diane J. Humetewa
United States District Judge